| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC**<br>Abbas Kazerounian, Esq. [SBN: 249203]<br>ak@kazlg.com<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523 | **BANKRUPTCY LAW CENTER, APC**<br>Ahren A. Tiller, Esq. [SBN 250608]<br>ahren.tiller@blc-sd.com<br>1230 Columbia Street, Suite 1100<br>San Diego, CA 92101<br>Telephone: (619) 894-8831<br>Facsimile: (866) 444-7026 |

**HYDE & SWIGART**
Joshua B. Swigart, Esq. [SBN: 225557]
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DAVID BODIE,<br>Individually and On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>    vs.<br><br>LYFT, INC.,<br><br>           Defendant. | **CASE NO: 3:16-cv-02558-L-NLS**<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. JASON DAVID BODIE ("Plaintiff") brings this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of LYFT, INC. ("Defendant" or "Lyft") and its related entities, subsidiaries and agents, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b), because Plaintiff resides in this district and Defendant conducts business in the County of San Diego.

## PARTIES

4. Plaintiff is an individual citizen and resident of the State of California, County of San Diego.

5. Plaintiff is informed and believes, and thereon alleges, that LYFT, INC. is, and at all times mentioned herein was, a Delaware corporation whose principal place of business is located in San Francisco, California.

6. Lyft is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153(39).

7. Upon information and belief, Lyft is a transportation networking company that

provides a mobile application to enable connecting passengers with drivers using personal vehicles.

8. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California and in the County of San Diego.

## FACTUAL ALLEGATIONS

9. On or about October 10, 2016 at approximately 2:25 pm PST, Plaintiff received two text messages, one immediately after the other, from telephone number 415-408-5865, which belongs to or was used by Lyft or an agent of Lyft, Inc.

10. The first of the two text messages sent to Plaintiff instructed him to download the Lyft App to his cellular phone, stating, "Download the Lyft app".

11. The second unsolicited text message contained a link to download Lyft's app in the Apple App Store, stating, "lyft.com".

12. None of these text messages were addressed to Plaintiff by name.

13. Upon information and belief, the text messages were sent at the direction of Lyft, Inc. to Plaintiff and several hundreds of other individuals within a short period of time.

14. Upon information and belief, the text messages were sent via a commercial text messaging system by an agent or vendor hired by Lyft who was acting under the direction and control of Lyft for the financial benefit of Lyft.

15. Upon information and belief, Lyft instructed its agent or vendor as to the content of the text messages and timing of the sending of the text messages, in an effort to increase use of Lyft's mobile application.

16. Lyft is vicarious liable for the telemarketing conduct of its agent or vendor alleged herein.

17. Upon information and belief, the SMS text messages were sent using equipment that had the capacity to store or produce telephone numbers to be called using a

random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

18. Upon information and belief, the SMS text messages were sent using equipment that can send a text message to cellular telephone numbers stored as a list or database without human intervention.

19. Upon information and belief, the SMS text messages were sent using equipment that has the capacity to automatically send text messages to telephone numbers generated randomly or sequentially, for marketing purposes.

20. The SMS text messages constituted a "telephone solicitation" within the meaning of 47 U.S.C. § 227(a)(4) in that they were initiated for the purpose of encouraging the purchase of a good or service.

21. Plaintiff did not provide prior express written consent allowing Defendant, or anyone acting on behalf of Defendant, to send these SMS text messages to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

22. Plaintiff did not have an established business relationship with Defendant at the time of these text messages.

23. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

24. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that, Defendant interrupted Plaintiff with an unwanted solicitation text message using an ATDS.

25. Defendant's text messages forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

26. Defendant's text messages to Plaintiff's cellular telephone number was unsolicited by Plaintiff and without Plaintiff's permission.
27. Plaintiff is informed and believes and here upon alleges, that the text messages were sent by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's economic benefit.
28. These SMS text messages made by Defendant or its agents were sent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all others similarly situated (the "Class").
30. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States who received any text messages from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.

31. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.
32. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and the Class members. Plaintiff and the Class members

were damaged thereby.

33. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

34. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of the Complaint, Defendant sent any text messages (other than a call made for emergency purposes or made with the prior express written consent of the called party) to Class members using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

   b. Whether the text messages were sent for marketing or solicitation purposes, such that they require prior express written consent;

   c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

36. As a person that received a SMS text message using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting

claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

37. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

38. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

39. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with the law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

41. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227. *et seq*.

43. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

45. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and each member of the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks for himself and the Class injunctive relief prohibiting such conduct in the future;
- Costs of suit;
- Plaintiff be certified Class Representative and counsel for Plaintiff be certified Class Counsel;
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ**.

As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks for himself and the Class injunctive relief prohibiting such conduct in the future;
- Costs of suit;
- Plaintiff be certified Class Representative and counsel for Plaintiff be certified Class Counsel;
- Any other relief the Court may deem just and proper.

///
///
///

# TRIAL BY JURY

49. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 15, 2018                             Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ Abbas Kazerounian*
　　　Abbas Kazerounian, Esq.
　　　*Attorneys for Plaintiff*